IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-03326-RM-SBP

THE DENVER FOUNDATION,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

    This insurance case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 39), seeking dismissal of all Plaintiff's claims. The Motion has been fully briefed (ECF Nos. 50, 55) and is granted for the reasons below. Defendant's Motion to Limit Expert Testimony (ECF No. 38) is denied as moot.

**I.    BACKGROUND**

    The relevant facts are not in dispute. Plaintiff is a nonprofit foundation, and Defendant was its commercial insurer. (ECF No. 56, ¶¶ 1, 19.) To comply with tax laws, Plaintiff may make grants only to charities that have tax-exempt status under section 501(c)(3) of the Internal Revenue Code. (*Id.* at ¶ 20.) From 2019 to 2021, Plaintiff issued a series of grants totaling $349,000 to a local charitable organization known as Impact Locally, which was founded by Travis Singhaus. (*Id.* at ¶¶ 21, 36.) In September 2021, Plaintiff acquired information indicating that Impact Locally might not be an approved 501(c)(3) entity, despite Mr. Singhaus's prior

representations that it was.  (*Id.* at ¶¶ 22, 33.)  An internal investigation by Plaintiff concluded that Impact Locally had never been an approved 501(c)(3) entity.  (*Id.* at ¶ 34.)  Mr. Singhaus was subsequently charged with various crimes for misrepresenting Impact Locally.  (*Id.* at ¶ 35.)

Plaintiff filed a claim with Defendant, seeking coverage under the computer fraud provision of its policy, which provided coverage

> for loss of or damage to "money", "securities" and "other property" resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises":
>
> a.   To a person (other than a "messenger") outside those "premises"; or
>
> b.   To a place outside those "premises".

(*Id.* at ¶¶ 3, 37.)  Defendant denied coverage based on the computer fraud provision (in addition to other reasons not pertinent here), prompting Plaintiff to file this lawsuit, asserting claims for breach of contract, bad faith, and unreasonable denial of benefits.  (*Id.* at ¶¶ 40, 41.)  Defendant has moved for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor.  *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial. *See id.* If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

### III.   ANALYSIS

The applicability of the computer fraud provision in this case hinges on whether Plaintiff's monetary loss *resulted directly from* the use of a computer. It is not disputed that on January 3, 2019, Plaintiff received an email from Mr. Singhaus falsely stating that Impact Locally was an approved tax-exempt entity under 501(c)(3). (ECF No. 56, ¶ 34.) Attached to

the email was a forged determination letter issued by the Internal Revenue Service to an unrelated entity known as "Impact Network." Mr. Singhaus apparently obtained the document online and then altered some of the details using a graphic editing computer program by substituting his own name as the "Contact Person" and by changing the address of "Impact Network" and the date. Plaintiff believed the false impression created by the letter—that Impact Locally was a verified 501(c)(3) organization. In addition, Plaintiff was aware that Mr. Singhaus maintained a website for Impact Locally.

Plaintiff takes the position that the grants it issued to Impact Locally resulted directly from Mr. Singhaus's use of a computer, and therefore its claim fits within the computer fraud provision of the policy.

Defendant takes the position that Mr. Singhaus's use of a computer was not the direct or immediate cause of Plaintiff's loss. Although his email gave Plaintiff the impression Impact Locally was eligible to receive grants, additional steps had to occur before there could be any loss. Namely, a specific grant request had to be made, Plaintiff had to approve it and send a check, and Mr. Singhaus had to receive and cash the check.

The Court agrees with Defendant's position. Under Colorado law, an insurance policy, like any other contract, must be enforced as written unless it contains terms that are ambiguous. *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020). The computer fraud coverage expressly applies to losses "resulting directly from the use of any computer to fraudulently cause a transfer" to a person or place outside the insured's premises. The computer fraud provision is not ambiguous, and Plaintiff does not argue otherwise.

Here, Mr. Singhaus's false representation that his organization was eligible to receive grants was a necessary, but not sufficient, precondition for Plaintiff's losses to occur. Plaintiff has not established the existence of any genuine issue of material fact to the contrary. There is no evidence that Plaintiff suffered a loss directly caused from Mr. Singhaus's fraudulent email or other use of a computer, and Plaintiff has not shown that Mr. Singhaus's use of a computer directly caused Plaintiff to issue grants to Impact Locally. *Cf. Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.*, 23 F.4th 1195, 1202 (9th Cir. 2022) (finding fraudulent emails *directing employee to transfer funds* stated claim for coverage under computer fraud provision); *Am. Tooling Ctr., Inc. v. Travelers Cas. & Surety Co. of Am.*, 895 F.3d 455, 457 (6th Cir. 2018) (same).

The parties' arguments regarding causation in other contexts and in hypothetical situations are largely inapposite. On the current record, Plaintiff has adduced no evidence that it is entitled to coverage under its policy, and therefore its breach of contract claim fails.

Plaintiff's failure to raise a genuine issue of material fact with respect to its breach of contract claim is fatal to its other claims as well. To prevail on a common law bad faith claim, Plaintiff must establish that Defendant acted unreasonably and knew or recklessly disregarded the unreasonableness of its conduct. *See Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020). To prevail on a statutory bad faith claim, Plaintiff must establish that Defendant denied payment of a covered benefit without a reasonable basis. *See* Colo. Rev. Stat. § 10-3-1115(1)(a). But when a plaintiff fails to prove entitlement to any benefits, it cannot prevail on either type of claim. *See Ayala v. State Farm Mut. Auto. Ins. Co.*, 628 F. Supp. 3d 1075, 1083 (D. Colo. 2022) ("[T]o prevail on its statutory unreasonable delay/denial claim, an insured first has to prove entitlement to benefits." (brackets and quotation omitted)); *Hall v.*

*Allstate Fire & Casualty Ins. Co.*, 20 F.4th 1319, 1325 (10th Cir. 2021) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage." (quotation omitted)). Because Plaintiff has failed to establish that it is entitled to benefits under the policy, it cannot show that Defendant's conduct was unreasonable under the circumstances. Thus, Plaintiff's extra-contractual claims fail as a matter of law.

## IV.  CONCLUSION

For the reasons outlined in this Order, Defendant's Motion for Summary Judgment (ECF No. 39) is GRANTED, and its Motion to Limit Expert Testimony (ECF No. 38) is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

DATED this 24th day of April, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge